IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN LASKOSKI,

Petitioner,

v.

LIZZIE TEGELS,

Respondent.

OPINION and ORDER

24-cv-636-jdp

---

Brian Laskoski, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. In July 2021, Laskowski was convicted of burglary of a building or dwelling and sentenced to probation. *State v. Laskoski*, Eau Claire County Case No. 2021CF277.[1] His probation was revoked in November 2021 and he was sentenced to prison.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I must also review his petitions for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Laskoski's petition does not comply with Rule 2(c). A major problem with his petition is that I cannot tell what decision he is challenging. He titles his petition as challenging his

---

[1] Available at https://wcca.wicourts.gov.

"Sentencing hearing on revocation," Dkt. 1, at 1, and he names the date of the judgment of conviction as November 16, 2021, the day of his revocation sentencing. But his underlying grounds appear to attack errors in the proceedings preceding his original conviction, not errors concerning his revocation.

Another problem is that Laskoski does not adequately explain whether he has appealed his conviction or revocation to the Wisconsin Court of Appeals and Wisconsin Supreme Court. My review of the state's electronic appellate court database does not show any appeal by Laskoski.[2] But Laskoski says that he did appeal his conviction and that he submitted a petition with the supreme court on May 28, 2024. It is important to know whether Laskoski has raised his claims in an appeal because if he has failed to do so, he has procedurally defaulted those claims for purposes of federal habeas review, and it is unlikely that this court could consider them. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

I will direct the clerk of court to send Laskoski another habeas form so that Laskowski can submit an amended petition. In that document, Laskoski must explain in detail (1) whether he is challenging his July 2021 conviction or his November 2021 revocation; (2) each of his specific grounds for relief; (3) the facts supporting those grounds; and (4) what steps he has taken to raise the issue in the state-court system. If Laskoski does not submit an amended petition by this deadline, I will dismiss the case in its entirety.

---

[2] See wscca.wicourts.gov.

ORDER

IT IS ORDERED that:

1.  Petitioner may have until December 17, 2024, to submit an amended petition for habeas corpus as discussed in the opinion above.

2.  The clerk of court is directed to send petitioner a copy of this court's form for § 2254 petitions.

Entered November 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge