IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN LASKOSKI,

           Petitioner,

v.

LIZZIE TEGELS,

           Respondent.

OPINION and ORDER

24-cv-636-jdp

---

BRIAN LASKOSKI,

           Petitioner,

v.

JACKSON CORRECTIONAL INSTITUTION,

           Respondent.

OPINION and ORDER

24-cv-913-jdp

---

Brian Laskoski, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. In July 2021, Laskowski was convicted of burglary of a building or dwelling and sentenced to probation. *State v. Laskoski*, Eau Claire County Case No. 2021CF277.[1] His probation was revoked in October 2021 and he was sentenced to prison in November 2021. I dismissed Laskoski's petition brought in Case No. 24-cv-636-jdp because it didn't comply with the pleading standards for habeas petitions: it was unclear whether Laskoski was challenging his original conviction or the later probation revocation, and he didn't adequately explain whether he has appealed his conviction or revocation to the Wisconsin Court of Appeals and

---

[1] Available at https://wcca.wicourts.gov.

Wisconsin Supreme Court. Dkt. 8. I directed Laskoski to submit an amended habeas petition discussing these issues. *Id.*

Laskoski followed with a new habeas petition that was docketed under a new case number, 24-cv-913-jdp. After reviewing that petition, I conclude that it is the amended petition that I had requested in my previous order. I will direct the clerk of court to docket that petition into the '636 case and to close the '913 case. Laskoski will not owe a filing fee for the '913 case.

But even with amended petition in the '636 case, Laskoski fails to show that he is entitled to habeas relief. It is still difficult to tell what proceeding he is challenging, because his petition continues to discuss perceived misconduct in both proceedings as well as his November 2021 sentencing. But in any event, it is now clear from his filing and my review of electronic court records that he has not appealed any of these issues in the state court system, which dooms his petition.

A state prisoner seeking habeas relief from a federal court must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner must present his claims through a complete round of state-court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). At this point, several years after the proceedings that he is challenging, it is almost certain that his habeas claims are procedurally defaulted.[2] The doctrine of "procedural default" prohibits federal courts from reviewing habeas claims if the petitioner's claims are procedurally

---

[2] I need not address the other glaring problem with Lasksoki's petition, which is that it is almost certainly untimely. *See* 28 U.S.C. § 2244(d) (Petitions brought under § 2254 are subject to a one-year statute of limitations running from certain specified dates.).

2

barred under state law. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (petitioner defaults on claim if "the claim was not presented to the state courts and it is clear that those courts would now hold that the claim procedurally barred").

In very rare circumstances, a federal court may excuse a petitioner's procedural default. One way for Laskoski to do so would be to show cause and prejudice for his failure to exhaust his claims. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). That requires showing that there was "some objective factor external to the defense" that prevented him from pursuing his claims in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Laskoski does not suggest that this is the case. Courts can also excuse a petitioner's procedural default if the petitioner can show that dismissal would result in a fundamental miscarriage of justice because the petitioner is "actually innocent" of the crime. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). But this usually requires a showing that it is more likely than not that a jury could not have convicted the petitioner in light of new evidence. *Id.*; *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016). Laskoski doesn't suggest that there is new evidence supporting his claim of innocence. Therefore, I will dismiss Laskoski's petition without prejudice; he remains free to attempt exhaustion of his state-court remedies even though it appears almost certain that the state courts would deny such an attempt as untimely.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Laskoski a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to docket petitioner Brian Laskoski's petition for writ of habeas corpus in Case No. 24-cv-913-jdp as his amended petition in Case No. 24-cv-636-jdp.

2. The clerk of court is directed to close the '913 case and waive petitioner's obligation to pay the filing fee for that case.

3. Petitioner's petition for a writ of habeas corpus in the '636 case is DISMISSED without prejudice.

4. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

5. The clerk of court is directed to enter judgment in the '636 case and close the case.

Entered July 2, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge